GEORGE SLAYDON v. OLIVIA MARION, Original Defendant, and SANFORD MARION, Additional Defendant.

(Filed 2 March, 1955.)

Appeal by plaintiff from *Sharp, S. J.,* at November Special Civil Term 1954, of Surry.

Civil action to have certain deed adjudged to be void.

Plaintiff alleges, in his complaint, substantially these facts: (1) That on 22 February, 1944, while he and *feme* defendant, Olivia Marion, now Olivia Slaydon Marion, were husband and wife, he, at her instance and request, and in consideration of and in reliance upon her promise to execute and deliver to him a warranty deed conveying and releasing to him all her right, title and interest in and to certain land in Surry County, North Carolina, title to which rested in them as husband and wife, and for which he had paid the purchase price, plaintiff "executed and turned over to defendant a deed to certain land belonging to him, which said deed was filed for registration and is of record" in Book 148 at page 300 in office of Register of Deeds of Surry County;

(2) That defendant failed and refused to execute such deed of conveyance and release to plaintiff, but abandond him and left, and has since remained outside the State; and

(3) "That said deed . . . was secured by the defendant from the plaintiff fraudulently and deceitfully, and utterly lacking in consideration."

Defendants demurred *ore tenus* upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained. And from judgment in accordance therewith plaintiff appeals to Supreme Court, and assigns error.

*Frank Freeman for Plaintiff, Appellant.*
*Woltz & Barber and Thomas M. Faw for Defendants, Appellees.*

Per Curiam. In the light of well settled principles applicable to actions based upon fraud, applied to the allegations of the complaint, it is readily seen that the facts alleged are insufficient to state a cause of action. Hence the ruling of the court below, in sustaining the demurrer, is

Affirmed.